

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CHRIS BARKER, individually and on behalf of his minor son, CADDEN BARKER | CIVIL ACTION NO. 06-0822 |
| | JUDGE DRELL |
| -vs- | |
| RENTAL SERVICE CORPORATION OF SOUTHWEST LOUISIANA, INC. d/b/a RENTAL SERVICE CORPORATION, et al. | MAGISTRATE JUDGE KIRK |

### R U L I N G

Before the court is a motion for summary judgment (Doc. 84) filed by defendant Skyjack Incorporated ("Skyjack"), seeking dismissal of all of the claims against it by the plaintiff, Chris R. Barker, individually and on behalf of his minor son, Cadden Barker. For the reasons set forth below, the motion must be granted.

I.  **Background**

Plaintiff alleges that while working he fell from a scissor lift, a type of aerial work platform, and was injured on April 28, 2005. Plaintiff timely filed his suit in state court against JLG Industries ("JLG") and various Rental Service Corporation entities ("RSC") on April 27, 2006, within Louisiana's one-year delictual prescriptive period. After removal to this court, Skyjack was added as a party in this product liability suit on September 18, 2007 after the parties were informed during depositions that Skyjack was the actual manufacturer of the lift from which plaintiff fell. JLG had already been dismissed with prejudice voluntarily by plaintiff on June 29, 2007. RSC, which had

fulfilled its obligations under the Louisiana Products Liability Act, soon filed an unopposed motion for summary judgment which this court granted, dismissing them with prejudice on July 22, 2008. Skyjack filed the instant motion arguing that, because JLG and RSC had been found not liable and thus could not be solidarily liable defendants with Skyjack, and because Skyjack was not sued until more than two years after plaintiff's injury, Louisiana's one-year prescriptive period requires plaintiff's suit against Skyjack to be dismissed with prejudice.

Plaintiff responds that the presence in this suit of intervenor plaintiff LEMIC Insurance Company ("LEMIC"), plaintiff's employer's workers' compensation carrier and thus a potential solidary obligor under Louisiana law, is sufficient to interrupt prescription against Skyjack. Plaintiff also urges this court to apply the doctrine of *contra non valentem agere nulla currit praescriptio*[1] and, promising to sue RSC for spoliation or negligent misrepresentation for failing to provide plaintiff the identity of the true defendant, argues that the spirit of judicial economy militates not dismissing Skyjack. Lastly, plaintiff notes that the identity of interests between RSC and Skyjack—who sold its lifts to RSC to be leased out commercially—permits its untimely suit against Skyjack to relate back to its timely suit of RSC.

II. **Analysis**

The Louisiana Supreme Court provides the bulk of the framework for our analysis in this diversity action:

---

[1] This is the name of this doctrine as reflected in Black's Law Dictionary. It has been misspelled, misnamed, shortened, and otherwise not cited carefully in briefs, texts, and jurisprudence. Practitioners and courts do seem consistently to use "*contra non valentem*" or simply "*contra non*" to describe the concept.

La. Civ. Code art. 3492 provides a one-year prescriptive period for delictual actions. Because plaintiffs' suit for tort damages was filed more than one year after the accident, the action had prescribed on its face. In such a circumstance, the plaintiff carries the burden of proving that prescription was interrupted, suspended or renounced. Prescription may be interrupted by the filing of a lawsuit pursuant to La. Civ. Code art. 3462, or by the debtor's acknowledgment of the obligation as provided by La. Civ. Code art. 3492.

La. Civ. Code art. 3462 provides that prescription is interrupted when suit is filed in a court of competent jurisdiction. In *Williams v. Sewerage & Water Bd. of New Orleans*, 611 So.2d 1383 (La. 1993), this court concluded that prescription was interrupted with regard to an injured employee's claims against a third-party tortfeasor when the employee filed a timely suit seeking workers' compensation benefits from his employer. In the present case, however, no suit was filed; only voluntary workers' compensation payments were made by the employer. Such voluntary payments are insufficient to toll prescription under Article 3462 which specifically requires the filing of a lawsuit.

The reason for adherence to the dictate of Article 3462, which requires filing suit to interrupt prescription, is simple. When a lawsuit is filed against the employer, prescription is interrupted as to claims against the employer pursuant to Article 3462. Because the third-party tortfeasor is a solidary obligor, the interruption of prescription is applicable also to a claim against a third-party tortfeasor, as this court held in *Williams v. Sewerage & Water Bd. of New Orleans*, 611 So.2d at 1387. *See also* La. Civ. Code arts. 1799 and 2324C. When a lawsuit is filed against the employer in a competent court, prescription is interrupted because the legal system is put into motion and the purposes of prescriptive laws are satisfied. The time limit for filing a delictual action is a legislative device intended to promote legal finality, bar stale claims, and prevent prejudice to defendants. When the employer voluntarily pays workers' compensation benefits (which may continue for many years), and the injured employee files no lawsuit against any party, none of the goals of prescription statutes are met with regard to claims against a third-party tortfeasor. There is no analogy between a lawsuit against an employer and mere claim assertion which prompts voluntary workers' compensation payments. While the former may interrupt prescription, *Williams v. Sewerage & Water Bd. of New Orleans, supra*, the latter simply does not.

*Gary v. Camden Fire Ins. Co.*, 676 So.2d 553, 555–56 (La. 1996) (footnotes and citations omitted). Plaintiff, who has the burden of showing interruption of prescription where,

3

as here, his complaint is facially prescribed, has not provided proof of a "suit seeking workers' compensation benefits from his employer," *id.* at 555, nor could this court find any evidence of such a suit from the record. There are, however, plaintiff's allusions (though no supporting documents, no affidavits, and no statements of undisputed material facts) in his response to Skyjack's motion of a "claim" for workers' compensation, what this court understands to be simply voluntary workers' compensation payments following a "mere claim assertion." These payments, without the commencement of an action in a competent court, are not enough to interrupt prescription. *Williams*, 611 So.2d at 1387. LEMIC simply intervened in plaintiff's suit to recoup payments it made voluntarily as plaintiff's employer's workers' compensation carrier. Further, there are no claims for workers' compensation made by plaintiff in his (voluntarily dismissed) third-party demand against LEMIC and his employer (in which he alleged only tortious collaboration with defendants to deny his claim against defendants or conceal information). As such, the workers' compensation carrier's presence in this action does not legally suffice to interrupt prescription as to Skyjack under Articles 3462 and 3463.

Because Skyjack was not timely sued, plaintiff may also prove interruption by showing that Skyjack was a solidary obligor with some other timely sued defendant, here JLG or RSC. *See* La. Civ. Code art. 3503 (2007) ("When prescription is interrupted against a solidary obligor, the interruption is effective against all solidary obligors and their successors."). Because these timely sued defendants were dismissed with prejudice and found not liable, plaintiff cannot rely on Article 3503 to interrupt

4

prescription as to Skyjack. *See Spott v. Otis Elevator Co.*, 601 So.2d 1355, 1359 (La. 1992); LA. CIV. CODE art. 3463 (2007) ("Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses the action at any time either before the defendant has made any appearance of record or thereafter...."). Thus, plaintiff cannot rely on the aforementioned third-party complaint against LEMIC and his employer, as he voluntarily dismissed this complaint with prejudice as well.

Plaintiff argues that the doctrine of *contra non valentem agere nulla currit praescriptio* applies in this case. In *Carter v. Haygood*, 892 So.2d 1261, 1268 (La. 2005), the Louisiana Supreme Court summarized the doctrine's application:

> In *Plaquemines Parish Com'n Council v. Delta Development Co., Inc.*, 502 So.2d 1034, 1054–55 (La. 1987), we recognized the four instances where *contra non valentem* is applied to prevent the running of prescription: (1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action; (2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting; (3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; and (4) where the cause of action is not known or reasonably knowable by the plaintiff, even though this ignorance is not induced by the defendant. These categories thus allow "the courts to weigh the 'equitable nature of the circumstances in each individual case' to determine whether prescription will be tolled."

*Id.* at 1268. As in *Carter*, only the third category is implicated here, "which has been held to encompass situations where an innocent plaintiff has been lulled into a course of inaction in the enforcement of his right by reason of some concealment or fraudulent conduct on the part of the defendant." *Id.* at 1269. Plaintiff asserts he telephoned an RSC store personally prior to the suit being filed, and a representative informed him that the manufacturer of the lift was JLG because those were the only lifts they leased.

Plaintiff made no further inquiries into the matter. However, the actual store—another location than that contacted by plaintiff—plaintiff's employer rented the lift from leased two types of lifts, JLG and Skyjack. There is no evidence that at any point plaintiff asked his employer, who had rented the subject lift from RSC, what type of lift it had rented. *Contra non valentem* "will not except the plaintiff's claim from the running of prescription if his ignorance is attributable to his own willfulness or neglect; that is, a plaintiff will be deemed to know what he could by reasonable diligence have learned." *Corsey v. State*, 375 So.2d 1319, 1322 (La. 1979). Also, Skyjack has observed in brief that it made plaintiff aware through interrogatory answers given before the prescription date that the lift was, in fact, possibly a Skyjack lift, showing that the suit could have been amended prior to the prescription date. Thus, Plaintiff has not supported his argument for the application of *contra non valentem* to the prescription of his claim against Skyjack.

Plaintiff's judicial economy argument, i.e., that he *will sue* RSC for negligent misrepresentation for concealing the identity of the lift manufacturer if Skyjack is permitted to avail itself of prescription, is hypothetical at this stage. As such, it is insufficient to interrupt prescription. By making this determination, however, we make no ruling as to the viability of plaintiff's possible negligent misrepresentation claim.

Lastly, plaintiff claims that relation back should apply to his untimely suit against Skyjack owing to the close relationship of Skyjack and RSC, citing the case of *Ray v. Alexandria Mall*, 434 So.2d 1083 (La. 1983). *Ray* dealt with improperly identified defendants and amendments to pleadings to correct the misidentification. *Id.* at 1085 (comparing La. Code Civ. Proc. art. 1153 to Federal Rule of Civil Procedure 15(c), upon

which it was based). The Louisiana Supreme Court in *Ray* came up with a standard for determining whether amended pleadings correcting improperly named defendants would relate back or would be subject to exceptions to prescription:

(1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
(2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
(3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;
(4) *The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.*

*Ray*, 434 So.2d at 1087 (emphasis added). Skyjack is completely unrelated to JLG, and plaintiff has adduced no evidence *in this case* to suggest that RSC and Skyjack are in any way related or accustomed to sharing notice of litigation brought against each of them with the other. Accordingly, plaintiff's relation back argument is not sufficient to defeat Skyjack's claim of prescription and motion for summary judgment thereupon. Following the filing of the motion for summary judgment, the parties were required to file pretrial stipulations in advance of the pretrial conference in this case. Plaintiff produced no evidence in conjunction with his filings (a witness list) which might otherwise affect this ruling.

### III. Conclusion

For the foregoing reasons, Skyjack's motion for summary judgment (Doc. 84) will be GRANTED. By separate judgment, all of the claims against Skyjack by the plaintiff, Chris R. Barker, individually and on behalf of his minor son, Cadden Barker, must be

dismissed with prejudice.  Any claims for negligent misrepresentation (not alleged or part of this suit) are not determined here.

SIGNED on this 7th day of April, 2009 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE